UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-61310-CIV-HUCK-SIMONTON

JOHN M. HOGAN, AS COURT-
APPOINTED RECEIVER OF
INTERNATIONAL CAPITAL MANAGEMENT,
INC.; WORLDCORP TRADERS & COMPANY,
INC. and WORLDCORP FX & CO., INC.,

   Plaintiff,

vs.

KAREN PARKER, ALSO KNOWN AS
KAREN ANDREA PARKER, KAREN LEHNER
PARKER, AND KAREN LEHNER; and THAT
PARCEL OF LAND DESCRIBED FOR
MUNICIPAL PURPOSES AS 4200 PARK
BROOKE DRIVE, ALPHARETTA, GEORGIA,
AND LEGALLY DESCRIBED AS ALL THAT
TRACT OR PARCEL OF LAND LYING AND
BEING IN LAND LOT 92 OF THE FIRST
DISTRICT, FIRST SECTION, FULTON
COUNTY, GEORGIA, BEING LOT 32, BLOCK A,
UNIT ONE, PHASE ONE, PARK BROOKE
DRIVE SUBDIVISION, AS PER PLAT
RECORDED IN PLAT BOOK 176, PAGE 66, IN
THE OFFICE OF THE CLERK OF THE
SUPERIOR COURT OF FULTON COUNTY,
GEORGIA.

   Defendants.
_____/

NIGHT BOX
FILED

NOV 15 2005

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## PLAINTIFF'S UNOPPOSED MOTION FOR AN ORDER ENFORCING PLAINTIFF'S WRIT OF GARNISHMENT TO BANK OF AMERICA

  Plaintiff and judgment creditor, John Hogan, by and through undersigned counsel, hereby moves this Court for an order authorizing the garnishee, Bank of America, to open defendant and judgment debtor Karen Parker's safe deposit box, take an inventory of the contents, serve and file the inventory, and hold the contents pending further order of the Court. Plaintiff states:

## BACKGROUND

A. **Service of the Writ of Garnishment, the Garnishee's Answer, and Notice to the Defendant Karen Parker.**

On September 7, 2005, the Clerk of the Court issued a Writ of Garnishment (the "Writ"), which was served on Bank of America as garnishee the same day. (*See* Writ (D.E. #3).)

On September 13, 2005, Bank of America served its Answer to Writ of Garnishment, admitting that it now holds a safe deposit box no. 000810041202 at 1401 N. University Drive, Coral Springs, Florida in the name of defendant Karen Parker (the "Box"). Bank of America did not disclose the identities of any other persons having an interest in the Box. Bank of America states that it will require a $150.00 fee to drill open the Box in the event defendant does not produce a key. (*See* Garnishee's Answer (D.E. #6).) Further, the bank's counsel has advised that a court order is required before it opens the box and takes inventory of the contents.

Pursuant to Sections 77.041 and 77.055, Florida Statutes, plaintiff served defendant with copies of the writ of garnishment, the motion for writ of garnishment, a notice to defendant of her right to claim exemptions and request a hearing, the garnishee's answer, and a notice advising defendant that she must move to dissolve the writ within 20 days. (*See* Notice of Compliance (D.E. #5); Garnishment Notice (D.E. #7).) Defendant has not served any claim for exemption or request for hearing, nor has she moved to dissolve the Writ.

B. **Harvey Lehner claims an interest in the contents of the Box.**

On September 21, 2005, after plaintiff served defendant with the required pleadings and notices, undersigned counsel received a telephone call from defendant's father, Harvey Lehner. Mr. Lehner told undersigned counsel that he was at the Bank of America to retrieve his passport from defendant's safe deposit Box, but the bank would not allow him to open it. Mr. Lehner admitted that he had discussed the garnishment with his daughter, defendant Karen Parker. Mr.

2

Lehner said that the Box belongs to he and his wife, Rochelle Lehner; and that defendant has access only for convenience. He said that the only things in the Box are passports, birth certificates, and other personal papers belonging to him and his wife. He asked that we agree to allow him into the Box. As the U.S. Marshal was not present to ensure that Mr. Lehner did not remove any money or other tangible property belonging to Karen Parker, we refused. We told Mr. Lehner that if he wished to contest the garnishment or the ownership of the contents of the Box, he should retain counsel and file a motion to dissolve the Writ.

On September 23, 2005, plaintiff served Bank of America, Harvey Lehner, and Rochelle Lehner, with subpoenas duces tecum for depositions in aid of execution of plaintiff's judgment against Karen Parker. The depositions were set for October 13, 2005.

On September 27, 2005, undersigned counsel received a telephone call from attorney Walter "Skip" Campbell, of the Ft. Lauderdale law firm, Krupnick Campbell. Krupnick Campbell represents Harvey and Rochelle Lehner. Mr. Campbell requested that the depositions set for October 13 be continued, and advised that Harvey Lehner would provide the bank with the key to the Box, so that the Box may be opened. He asked us to contact his partner, attorney Holly Krulik, to reschedule the depositions and arrange for the Box to be opened.

Undersigned counsel conferred with Ms. Krulik again on November 11 and 14, 2005, concerning the Bank's requirement for a Court order, and the Lehners' offer to provide the Bank with the key for the Box. Ms. Krulik said she would ask the Lehners to deliver the key to the Bank and she consented to the relief requested in this Motion, including an order permitting the Bank to drill open the Box (in case the Lehners do not promptly deliver the key to the Bank).

3

## MEMORANDUM OF LAW

### A.   Rule 69(a), Federal Rules of Civil Procedure.

Rule 69, Federal Rules of Civil Procedure, governs the enforcement of United States District Court judgments for the payment of money. In particular, Rule 69(a) provides in pertinent part:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. . . .

*See* Fed. R. Civ. P. 69(a). Applying Rule 69(a), Florida law governs plaintiff's entitlement to a writ of garnishment, and the procedure for enforcing the writ.

### B.   Procedure for garnishment.

Chapter 77, Florida Statutes, prescribes the procedure for garnishment. Pursuant to Section 77.07(2), Florida Statutes, any person having an ownership interest in the property, *as disclosed by the garnishee's answer*, has 20 days from the service of the notice prescribed by Section 77.055, to file and serve a motion to dissolve the writ of garnishment. *See* § 77.07(2), Fla. Stat. Failure to timely file and serve the motion with this time limit shall result in the striking of any late filed motion as a nullity, and the proceedings shall be in a default posture as to the party involved. *Id.*

No timely motion to dissolve the Writ has been filed by defendant. Further, despite the Lehners knowledge of the garnishment, they have not filed any motion to dissolve the Writ or claim ownership of the contents of the Box. Accordingly, defendant and the Lehners are in

default, and may not contest plaintiff's position that any cash or personal property in the Box belongs to Karen Parker.[1]

WHEREFORE, plaintiff requests that this Court enter an Order authorizing garnishee, Bank of America to: (1) drill open safe deposit box deposit box no. 000810041202 at 1401 N. University Drive, Coral Springs, Florida in the name of defendant Karen Parker; (2) take inventory of the contents; (3) serve and file a detailed inventory of the contents of the Box; and (4) retain possession of the contents of the Box pending further order of this Court.

Respectfully submitted,

HOLLAND & KNIGHT LLP
*Attorneys for Plaintiff*
Dwayne E. Williams
FL Bar No: 0125199
E-mail: dwayne.williams@hklaw.com

701 Brickell Avenue, Suite 3000
Miami, FL 33131
Telephone: (305) 374-8500
Fax: (305) 789-7799

By: _____
Dwayne E. Williams

---

[1] Of course, notwithstanding the Lehners' default, they may apply to recover their passports and birth certificates from the Bank, after the Bank has filed its inventory of the contents of the Box.

## CERTIFICATE UNDER LOCAL RULE 7.1, A., 3

I HEREBY CERTIFY that I have conferred with counsel for the garnishee, Bank of America, and counsel for Harvey Lehner and Rochelle Lehner, with a view to resolving the need for this motion. Counsel for Bank of America insisted that plaintiff file this motion for an order authorizing the bank to open the safe deposit box, and to take an inventory of the contents, even if the Lehners produced a key and agreed to have the box opened. Harvey Lehner and Rochelle Lehner do not oppose the motion.

_____
Dwayne E. Williams

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was served via U.S. mail, this 15th day of November, 2005, on Karen Parker, 44 Clark Street, Chatham, New Jersey 07928; J. T. Haley, Esq., Haley, Sinagra, Paul & Toland, P.A., 300 Sevilla Avenue, Suite 210, Coral Gables, Florida 33134, attorneys for Bank of America; Harvey Lehner, 7468 Fairfax Drive, Apartment D-302, Tamarac, Florida 33321; Rochelle Lehner, 7468 Fairfax Drive, Apartment D-302, Tamarac, Florida 33321; and Holly Krulick, Esq., Krupnick, Campbell et al., 700 Southeast Third Avenue, Suite 100, Fort Lauderdale, Florida 33316, attorneys for Harvey Lehner and Rochelle Lehner.

_____
Dwayne E. Williams

# 3324096_v1