**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  05-61310-CIV-HUCK/SIMONTON**

JOHN M. HOGAN,

　　　　**Plaintiff,**

v.

KAREN PARKER, et al.,

　　　　**Defendants.**

_____/

<u>**ORDER ON PLAINTIFF'S SUPPLEMENTAL MOTION TO ENFORCE
WRIT OF GARNISHMENT AND PLAINTIFF'S  MOTION TO
COMPEL COMPLIANCE WITH SUBPOENAS DUCES TECUM**</u>

**Presently pending before this Court are Plaintiff's Supplemental Motion To
Enforce Writ of Garnishment To Bank of America, and Plaintiff's Motion To Compel
Compliance With Subpoenas Duces Tecum For Deposition To Rochelle Lehner and
Harvey Lehner (DE # 15).  These motions are referred to the undersigned Magistrate
Judge (DE # 16).  These motions are fully briefed (DE ## 17, 18, 19, 20, 22).  For the
reasons stated below, Plaintiff's supplemental motion to enforce the writ of garnishment
to Bank of America is granted in part and denied in part.  Plaintiff's motion to compel
compliance with subpoenas duces tecum for deposition to Rochelle Lehner and Harvey
Lehner is also granted in part and denied in part.**

　　**I.  <u>Background</u>**

　　**On August 4, 2005, Plaintiff registered in this Court a judgment against Defendant
Karen Parker from the United States District Court for the Northern District of Georgia in
the amount of $21,523,221.00.  The Certification of Judgment For Registration In Another
District noted that an appeal was taken from the judgment, and the judgment was
affirmed by mandate of the United States Court of Appeals for the Eleventh Circuit,**

issued on January 7, 2005 (DE # 1).

On September 7, 2005, the Clerk of this Court issued a Writ of Garnishment (hereafter "the Writ") which was served upon garnishee, Bank of America (hereafter Bank of America), the same day (DE # 3).  On September 13, 2005, Bank of America answered the Writ, stating that it:  held a safe deposit box in Defendant's name, no. 000810041202 (hereafter the Safe Deposit Box); required a $150.00 fee to drill open the box if Defendant does not produce a key, and required a court order before it will open the box and inventory the contents (DE # 6).  On September 12 and 14, 2005, Plaintiff served Defendant with copies of the Writ, the motion for the Writ, a notice of her right to claim exemptions and request a hearing, Bank of America's answer, and a notice advising Defendant that she had 20 days to move to dissolve the Writ (DE ## 5, 7).[1]

On September 21, 2005, Plaintiff's counsel received a telephone call from Defendant's father, Harvey Lehner, who stated that he was at the Bank of America to retrieve his passport from the Safe Deposit Box, but that the bank would not let him open the box.  Mr. Lehner further stated that the box belonged to him and to his wife, Rochelle Lehner, that Defendant had access only for convenience, that the only items in the box were passports, birth certificates and other personal papers belonging to him and his wife.  Mr. Lehner asked for Plaintiff's consent to open the box and remove the passports.  Plaintiff, concerned that Mr. Lehner might remove any cash and/or valuables inside the box, refused to permit Mr. Lehner to open the box, and Plaintiff's counsel advised Mr. Lehner that if he and Mrs. Lehner owned the contents of the box, they should file a motion to dissolve the writ of garnishment.

---

[1] The record does not indicate that Defendant Karen Parker ever served any claim for exemption or a request for hearing, or ever moved to dissolve the Writ.

On September 23, 2005, Plaintiff served Bank of America, Harvey Lehner and Rochelle Lehner with subpoenas duces tecum for deposition returnable on October 13, 2005.

On September 27, 2005, Plaintiff received a telephone call from attorney Walter Campbell representing Harvey and Rochelle Lehner, requesting that the October 13, depositions be continued.  Thereafter, attorney Holly Krulik, a partner of attorney Campbell, on behalf of Harvey and Rochelle Lehner, consented to an order compelling the Bank of America to open the safe deposit box, take an inventory of the contents, serve and file the inventory, and hold the contents pending further order of this Court.

On November 15, 2005, Plaintiff filed an Unopposed Motion For An Order Enforcing Plaintiff's Writ of Garnishment To Bank of America (DE # 9).  On December 30, 2005, the undersigned entered an Order granting by default Plaintiff's Unopposed Motion For An Order Enforcing Plaintiff's Writ of Garnishment To Bank of America, which order stated that Garnishee, Bank of America, was authorized to: 1) drill open safe deposit box no. 000810041202, located at 1401 N. University Drive, Coral Springs, Florida, in the name of Defendant Karen Parker, 2) take an inventory of the contents; 3) serve and file a detailed inventory of the contents; and 4) retain possession of the contents of the safe deposit box pending further order of this Court (DE # 11).

On November 17, 2005, Plaintiff deposed Harvey and Rochelle Lehner, and attorney Krulik defended the depositions.

On January 24, 2006, the Bank of America served an inventory of the contents of the safe deposit box.  According to the inventory, the box contains certain United States Savings Bonds payable to Defendant Karen Parker, in her maiden name of Karen Lehner, and other bonds payable either jointly to Karen Parker or Harvey Lehner, or jointly to

Karen Parker or Rochelle Lehner.[2]  The box also contains various other documents, including the Lehners' passports (DE # 13).

On March 24, 2006, Plaintiff's counsel and counsel for Bank of America appeared before the District Court to address the issues of the Bank's request for attorneys' fees and of the disposition of the contents of the safe deposit box.  *See* DE # 14.  Plaintiff's counsel advised the Court of the contents of the safe deposit box, and that the proper procedure for a federal court garnishment is for the garnishee to deliver the debtor's property to the United States Marshal for sale, and Plaintiff requested an order to the effect.  Plaintiff's counsel further requested an order permitting Plaintiff to inspect and copy the contents of the safe deposit box, especially the passports, before the Lehners are permitted to access the box.

The Court asked Plaintiff's counsel to determine whether there was a better, more efficient way to liquidate the savings bonds than having them transferred to the Marshal, and to file a supplemental motion setting forth how the bonds should be disposed of, as well as any other relief relating to the contents, such as Plaintiff's request that Plaintiff's counsel be permitted to inspect and copy the documents contained in the safe deposit box (DE # 15 at 4-5).

The instant motions followed.

---

[2] Specifically, the inventory states that the Safe Deposit Box contains 1) twelve $25.00 face value savings bonds payable to Karen or Rochelle Lehner, in a purple envelope (item 10); 2) two $100.00 face value savings bonds payable to Karen Lehner or Rochelle Lehner; 3) seven $50.00 face value savings bonds, six payable to Karen Lehner or Rochelle Lehner and one payable to Karen Lehner or Harvey Lehner; and 4) three $25.00 face value savings bonds payable to Karen Lehner (all as item 19) (DE # 13).

## II.  The Parties' Positions

### A.  Plaintiff's Supplemental Motion To Enforce Writ of Garnishment

In his supplemental motion to enforce writ of garnishment, Plaintiff and Judgment Creditor John Hogan moves for an Order 1) joining Harvey Lehner and Rochelle Lehner as defendants in this case, pursuant to 31 C.F.R. § 315.21, due to their claim that the contents of the Safe Deposit Box belong to them and because the inventory indicates that they are co-owners of some of the bonds; and 2) requiring Bank of America to deliver to the United States Marshal for the Southern District of Florida all savings bonds payable to Defendant Karen Parker individually or jointly with Rochelle Lehner or Harvey Lehner.  Plaintiff further asks this Court to determine the extent of Karen Parker's interest in the savings bonds; to direct the United States Marshal to 1) redeem the bonds, and 2) to pay Karen Parker's share of the proceeds to Plaintiff.

### B.  Plaintiff's Motion To Compel Compliance With Subpoenas Duces Tecum

Plaintiff contends that the Lehners were deposed on November 17, 2005 pursuant to subpoenas duces tecum, but that they failed to produced the subpoenaed documents, and gave evasive and misleading testimony.  Specifically, Plaintiff contends that Rochelle Lehner gave evasive and misleading testimony about her 33 visits to the safe deposit box from 1999 through 2003, and whether she ever placed money in the safe deposit box or removed money in the safe deposit box on behalf of Karen Parker. Plaintiff also contends that Rochelle Lehner gave false testimony concerning a joint bank account she had with Karen Parker at First Union National Bank in 1999 and about a TD Waterhouse Joint Account Application for herself and Karen Parker, dated July 25, 2000.

Plaintiff asks this Court for an order: 1) compelling Bank of America to produce

the passports and other documents contained in the safe deposit box to Plaintiff's counsel for inspection and copying; 2) compelling Rochelle Lehner and Harvey Lehner to attend their continued deposition before a United States Magistrate Judge, or, in the alternative, at the offices of Holland & Knight LLP in Miami, pursuant to notices of deposition served by U.S. Mail; 3) compelling the Lehners to produce at their depositions all documents responsive to Plaintiff's subpoenas duces tecum, including but not limited to any documents relating to a) Rochelle Lehner's joint accounts with Karen Parker from January 1, 1998 to date and b) the safe deposit box; and 4) compelling the Lehners to testify truthfully and with specificity, including, but not limited to questions relating to a) the safe deposit box and b) the Parkers' finances.

C.  **Bank of America's Response**

Bank of America responds that it does not oppose the relief relating to it, that is that it be ordered to deliver to the United States Marshal for the Southern District of Florida all savings bonds payable to Defendant Karen Parker individually or jointly with Rochelle Lehner or Harvey Lehner, and that it does not appear that Plaintiff is requesting any other relief as to Bank of America at this time (DE # 17).

D.  **Defendant Karen Parker's Response**

Defendant Karen Parker, pro se, responds initially that the underlying default judgment entered in the Northern District of Georgia should be vacated because 1) she timely filed a signed Answer in the underlying action, which is part of the record and 2) the default judgment was based upon false statements made by Plaintiff's counsel to the District Court, which is newly discovered evidence which Defendant Parker did not mention in her appeal to the United States Court of Appeals For the Eleventh Circuit.

Karen Parker also states that she was never served with or notified of her rights

6

to exemption, the writ of garnishment or the motion for writ of garnishment, as alleged by Plaintiff.  Karen Parker also represents that the savings bonds at issue are titled in the name of Karen Lehner, together with her parents, Harvey and Rochelle Lehner, and were issued more than 25 years previously, when Karen Parker was a child.  Karen Parker further asserts that, pursuant to Fla. Stat. §77.14, Plaintiff does not have a lien or security interest in the savings bonds.  Karen Parker goes on to state that when a garnishee has personal property of a defendant in his possession and surrenders it, the sheriff shall receive and sell it under execution.

Karen Parker further objects to joining Harvey and Rochelle Lehner in this case, on that grounds that the Safe Deposit Box does not belong to Karen Parker, and that Plaintiff's allegation that the Lehners assisted the Parkers in fraudulent transfer and conveyance activity is based only on speculation.

Karen Parker also contends that the savings bonds are not subject to garnishment based on joint ownership and constitutional exemptions, and that the Lehners are entitled to their equitable share of the savings bonds.  Karen Parker proposes that an equitable division of interest in the savings bonds should be determined; Rochelle and Harvey Lehner should be entitled to receive their equitable share of the liquidated savings bonds; and Karen Parker's interest should be surrendered to the benefit of the default judgment with the exception of certain  unstated exemptions provided by law.

Karen Parker also objects to additional depositions duces tecum of Harvey Lehner and Rochelle Lehner.  She states that the Lehners did not aid in the concealment or conversion of ICM investor funds and, at their depositions, presented testimony that was truthful and complete, as well as all documents in their possession.  Karen Parker

also objects to the subpoenas as overbroad (DE # 18).

 E.  <u>The Lehners' Response</u>

 In response to the motion to enforce writ of garnishment, the Lehners state that they concede that all of the interest in those savings bonds jointly payable to Karen Parker or Harvey Lehner, or jointly payable to Karen Parker or Rochelle Lehner, which were given to Karen Parker for her Bat Mitzvah, belong to Karen Parker.  The Lehners state that they will enter into an agreement with Karen Parker stating that all the interest in the savings bonds belong to Karen Parker, and waiving their rights to these savings bonds.  The Lehners states that this will make it unnecessary to join them as parties to this action.

 The Lehners oppose Plaintiff's motion to compel compliance with subpoenas duces tecum.  In support of their position, Harvey Lehner, a 74 year old man, and Rochelle Lehner, a 69 year old woman,  respond that they have responded to the deposition questions to the best of their memory, and that they have provided all subpoenaed documents within their possession, custody and control.  The Lehners assert that no purpose would be served by a second subpoena duces tecum, and that Plaintiff has not established that the Lehners possess responsive documents but refuse to produce them.

 Finally, the Lehners ask that the property in their safe deposit box other than the savings bonds be released to them (DE # 20).

 F.  <u>Plaintiff's Reply To Defendant Karen Parker's Response</u>

 Initially, Plaintiff states that the judgment against Karen Parker is final and may not be revisited in this case.  Plaintiff states that, before entering the underlying default judgment here, the District Court for the Northern District of Georgia did consider and

reject both Karen Parker's argument that she had timely served her papers on Plaintiff and on the Court, and her motion for reconsideration or to vacate default judgment, and that the District Court's orders were subsequently affirmed on appeal by the Eleventh Circuit.

Plaintiff then controverts Karen Parker's assertion that the Lehners provided truthful testimony at their depositions.  Plaintiff notes that Karen Parker does not address any of the evidence provided by Plaintiff showing that the Lehners assisted in the concealment of funds belonging to Karen Parker and her husband, Dan Parker.

Finally, Plaintiff states that 1) it served Karen Parker by U.S. Mail at her Chatham, New Jersey address with the writ of garnishment and with other papers that Plaintiff has filed in this case, and 2) these papers were not returned by the post office.  Plaintiff then states that the copies of the Writ of Garnishment served on Karen Parker included the statutorily required notice advising her of her right to contest the garnishment and/or claim exemptions within 20 days, and a form Claim for Exemption and Request for Hearing, and that Karen Parker has never filed any claim for exemption and request for hearing, or a motion to dissolve the writ.  Plaintiff then asserts that therefore, Karen Parker has waived her right to request the dissolution of the writ or claim any exemption, and that these proceedings are in a default posture insofar as Karen Parker is concerned, pursuant to Fla. Stat. §77.07(2) (DE # 19).

G. __Plaintiff's Reply To The Lehners' Response__

Plaintiff notes that while the Lehners concede that they have no ownership interest in the savings bonds at issue, and that the bonds belong to solely to Karen Parker, the Lehners have not filed any agreement bearing their original signatures and the signature of Karen Parker.  Therefore, Plaintiff requests that this Court enter an

order: compelling the Bank of America to deliver the Bonds to the United States Marshal; joining the Lehners as parties; and declaring, based on the Lehners' response, that Karen Parker is the sole owner of the bonds.

Plaintiff asks this Court to compel Rochelle Lehner to submit to a further deposition so she can explain why she visited the Safe Deposit Box 33 times from July 1999 through January 2005.  Plaintiff states that Rochelle Lehner testified that two of the trips were to obtain the Lehners' passports in 2000 for a trip to Israel and to subsequently return the passports.  Plaintiff contends that Rochelle Lehner's testimony that she does not remember why she visited her safe deposit box so many times is incredible.

Plaintiff contends that there is ample evidence that the Lehners aided and abetted the Parkers in concealing the Parkers' assets.  Plaintiff relies on 1) Rochelle Lehner's frequent visits to the Safe Deposit Box which began in July 1999, after the United States Bankruptcy Court refused to discharge the Parkers from bankruptcy in 1997; 2) Rochelle Lehner's joint checking account with Karen Parker at First Union; and 3) Rochelle Lehner's and Karen Parker's joint application to open an account with TD Waterhouse.

III.  <u>Analysis</u>

A.  <u>Plaintiff's Supplemental Motion To Enforce Writ of Garnishment Is Granted In Part</u>

Plaintiff's Supplemental Motion To Enforce Writ of Garnishment is granted in part. The Bank of America shall deliver to the United States Marshal for the Southern District of Florida all savings bonds payable to Defendant Karen Parker individually or jointly with Rochelle Lehner or Harvey Lehner.  As Rochelle Lehner or Harvey Lehner have disclaimed any interest in the savings bonds, the United States Marshal, pursuant to 31 C.F.R. § 315.21, shall redeem the bonds, and shall pay the proceeds to Plaintiff in partial

satisfaction of the judgment.  Because Rochelle Lehner or Harvey Lehner have disclaimed any interest in the savings bonds, the portion of the supplemental motion which asks that Rochelle Lehner or Harvey Lehner be joined as defendants in this case to ascertain their interest in the savings bonds, is denied.

Defendant Karen Parker's objection to the supplemental motion, alleging that the savings bonds are not subject to garnishment based on joint ownership and constitutional exemptions are untimely made.   The record indicates that the time for Karen Parker had until early October 2005 to timely file objections to the writ of garnishment, to request a hearing on exemptions or to move to dismiss the writ, and that Karen Parker never objected to the writ, requested a hearing on exemptions, or moved to dismiss the writ.  *See* Fla. Stat. § 77.07(2).

The undersigned rejects Karen Parker's contention that she was never served with or notified of her rights to exemption, the writ of garnishment or the motion for writ of garnishment.  Plaintiff also states that these documents were served on Karen Parker at her Chatham, New Jersey address by U.S, mail, and that these documents were not returned by the post office.  The record indicates that Plaintiff served these documents on Karen Parker at her Chatham, New Jersey address (DE ## 5, 9), that Karen Parker has received other documents in this case mailed to that address, and that no documents mailed to Karen Parker at that address have been returned by the post office.

Moreover, Karen Parker contends that the portion of the savings bonds which belong to her should be paid in partial satisfaction of the judgment, and that the portion of the savings bonds belonging to her parents should be paid to them.  As her parents have disclaimed any interest in the savings bonds, it appears that Plaintiff, Karen Parker, and Harvey and Rochelle Lehner all agree that the savings bonds should be redeemed

11

and the proceeds paid to the Plaintiff in partial satisfaction of the judgment.

**B.  <u>Plaintiff's Motion To Compel Compliance With Subpoenas Duces Tecum Is Granted In Part And Denied In Part</u>**

Plaintiff's motion to compel compliance with subpoenas duces tecum for deposition to Rochelle Lehner and Harvey Lehner is granted as unopposed insofar as it requests that Bank of America produce the documents contained in the safe deposit box to Plaintiff's counsel for inspection and copying.  Insofar as the motion seeks an order compelling second depositions of the Lehners and compelling the Lehners to produce documents responsive to the subpoenas, it is denied.  Plaintiff has not made a sufficient showing that second depositions of Rochelle Lehner and Harvey Lehner would serve any purpose.  Plaintiff has also not made any showing that Rochelle Lehner and Harvey Lehner are in possession of any documents responsive to the subpoenas.

In their response, Rochelle Lehner and Harvey Lehner do not state any opposition to Plaintiff's motion that Bank of America produce the documents contained in the safe deposit box to Plaintiff's counsel for inspection and copying, but merely ask that the documents be returned to them.  Therefore, this portion of the motion is granted.

The portion of the motion seeking an order compelling the Lehners to produce documents responsive to the subpoenas is denied.  Plaintiff has not made any showing that Rochelle Lehner and Harvey Lehner are in possession of any documents responsive to the subpoenas.  Specifically, Rochelle Lehner and Harvey Lehner each testified at their depositions that they did not have any documents responsive to the subpoenas.  They also have provided an affidavit in which they state that they do not possess any documents responsive to the subpoenas (Ex. 3 to DE # 20, at p. 2, ¶8).  Plaintiff speculates that the Lehners may be in possession of responsive documents, but has not provided any evidence in support of his speculation.

The portion of the motion seeking a second deposition of Harvey Lehner is also denied.  Plaintiff has made no showing that a second deposition of Harvey Lehner would serve any purpose, or that Harvey Lehner was evasive and misleading in his deposition answers.

Finally, the portion of the motion seeking a second deposition of Rochelle Lehner is also denied.  This is a closer question.  The undersigned has reviewed the transcript of Rochelle Lehner's November 17, 2005 deposition (Ex. 1 to DE # 20).  The undersigned is skeptical of  Rochelle Lehner's testimony that she could not remember why she had visited the safe deposit box approximately 33 times between July 22, 1999 and January 13, 2005, except for the two visits in 2000 to remove the Lehners' passports for a trip to Israel and to return the passports after the trip.  However, the undersigned does not see what purpose would be served by recalling Rochelle Lehner, more than a year after her first deposition, to answer these questions again.

Plaintiff appears to believe that the Lehners kept currency belonging to Karen Parker in their safe deposit box.  However, there is no evidence of this.  Pursuant to the writ of garnishment, the safe deposit box in question has been opened, and did not contain any currency.   The Lehners have filed an affidavit which states that they never hid any currency for Karen Parker in their safe deposit box, and that the safe deposit box is rather small, and could not hold large amounts of currency (Ex. 3 to DE # 20, at p. 2, ¶7).

Similarly, Plaintiff appears to believe that Rochelle Lehner has not provided information concerning both a joint checking account she had with Karen Parker in 1999 and an application made for a joint account at TD Waterhouse with Karen Parker in 2000. There is no evidence supporting this belief.  All the checks from the joint account which

Plaintiff showed Rochelle Lehner at the deposition were dated in early 1999 and were signed by Karen Parker.  The record contains no evidence that a joint account at TD Waterhouse for Karen Parker and Rochelle Lehner was ever opened, just the application. There is no reason to believe that Rochelle Lehner was not telling the truth when she said at her deposition that she had no knowledge of and possessed no documents relating to either the joint checking account or the TD Waterhouse application. Therefore, because Plaintiff has not made a sufficient showing to justify a second deposition duces tecum in aid of execution of either Rochelle Lehner or Harvey Lehner, that portion of the motion is denied.[3]

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Supplemental Motion To Enforce Writ of Garnishment To Bank of America (DE # 15), is **GRANTED in part**.  Garnishee, the Bank of America shall deliver to the United States Marshal for the Southern District of Florida all savings bonds contained in safe deposit box no. 000810041202, payable to Defendant Karen Parker individually or jointly with Rochelle Lehner or Harvey Lehner. As Rochelle Lehner or Harvey Lehner have disclaimed any interest in the savings bonds, the United States Marshal, pursuant to 31 C.F.R. § 315.21, shall redeem the bonds, and shall pay the proceeds to Plaintiff in partial satisfaction of the judgment.  It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion To Compel Compliance With Subpoenas Duces Tecum For Deposition To Rochelle Lehner and Harvey Lehner (DE # 15, filed 8/16/06), is **GRANTED in part**.  Garnishee, Bank of America shall produce to

---

[3] As Karen Parker does not have standing to object to the motion to compel compliance with the subpoenas directed to her parents, the undersigned has not considered the arguments raised by Karen Parker in opposition to the motion to compel compliance.

Plaintiff's counsel for inspection and copying the passports and other documents contained in safe deposit box.  Plaintiff's counsel shall then return the passports and other documents to Rochelle Lehner and Harvey Lehner.  The remainder of Plaintiff's motion is **DENIED**.

   **DONE AND ORDERED** in Miami, Florida, on February 22, 2007.

_Andrea M. Simonton_
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**The Honorable Paul C. Huck**
 **United States District Judge**
**All counsel of record**
**Defendant Karen Parker**
 **44 Clark Street**
 **Chatham, NJ 07928**
**Gregory S. Starr, Esq.**
 **Fax No. (954)-779-7598**
 **(Attorney for Harvey Lehner and Rochelle Lehner)**
**United States Marshal for the Southern District of Florida**